IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM C. PENTON,
    Petitioner,

vs.                                                              Case No.: 3:03cv414/LAC/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid. Respondent filed an answer to the petition (Doc. 10), and Petitioner filed a traverse (Doc. 12). Upon review of the petition, it appeared to be untimely; therefore, the court issued an order directing Petitioner to show cause why the petition should not be dismissed pursuant to 28 U.S.C. § 2244(d)(1) (Doc. 14). *See* Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) (the district court has the discretion to raise sua sponte the timeliness of a state prisoner's habeas petition). Petitioner failed to respond to the show cause order.

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

        The procedural history of this case is undisputed. On January 26, 2000, in the Circuit Court in and for Escambia County, Florida, Petitioner was convicted, pursuant to a negotiated plea of nolo contendere, of one count of burglary of an unoccupied dwelling and one count of petit theft (Doc.

10, Ex. A at 6-14). He was sentenced to a term of three years of probation (*id*. at 11-14). Petitioner did not directly appeal his judgment of conviction and sentence.

On February 9, 2001, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10, Ex. E at 1-6). Petitioner challenged his nolo contendere plea to the burglary charge on the ground that newly discovered evidence revealed that two other persons admitted they committed the burglary (*id*.). The trial court denied the motion on July 20, 2001 (*id*. at 6-9). Petitioner appealed the denial to the First DCA, but the appellate court affirmed the decision on February 21, 2002, with the mandate issuing March 19, 2002 (Doc. 10, Ex. F). Penton v. State, 810 So.2d 926 (Fla. 1st DCA Feb. 21, 2002) (Table).

On May 16, 2002, Petitioner filed another Rule 3.850 motion challenging his burglary conviction on the ground that his counsel provided ineffective assistance by advising him that voluntary intoxication was not a viable defense to the charge (Doc. 10, Ex. G at 63-67). Following an evidentiary hearing at which Petitioner was represented by counsel, the motion was denied in a written decision issued April 11, 2003 (*id*. at 220-24). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam without opinion on July 14, 2003, with the mandate issuing September 3, 2003 (Doc. 10 at 3-4). Penton v. State, 853 So.2d 413 (Fla. 1st DCA July 14, 2003) (Table).

Petitioner filed the instant habeas action on September 9, 2003 (Doc. 1 at 6). He challenges his burglary conviction on the ground that his counsel provided ineffective assistance by advising him that voluntary intoxication was not a viable defense to the charge (*id*. at 4).[1]

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

---

[1]On November 16, 2000, Petitioner was convicted of violating his probation and sentenced to five years of incarceration (Doc. 10, Ex. A at 22-38). As Petitioner challenges only his original conviction for burglary in the instant habeas action, the procedural history of his conviction for the probation violation is not included in this Report and Recommendation.

Case No.: 3:03cv414/LAC/EMT

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant does not directly appeal his conviction, his conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence. *See* Fla. R. App. P. 9.110(b); <u>Gust v. State</u>, 535 So.2d 642 (Fla. 1st DCA 1988 (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30 day period for filing appeal expires). In the instant case, the Escambia Circuit Court rendered its judgment on January 26, 2000 (Doc. 10, Ex. A at 11). *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal). Thus, Petitioner's one-year limitations period began to run on February 26, 2000, upon expiration of the 30-day period for filing a notice of appeal, and the limitations period expired on February 26, 2001.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Case No.: 3:03cv414/LAC/EMT

In the instant case, the record shows that three hundred forty-nine (349) days elapsed from February 26, 2000, the date Petitioner's conviction became final, and February 9, 2001, the date he filed his first post-conviction motion challenging his burglary conviction.  The limitations period was tolled until March 19, 2002, upon issuance of the mandate of the appellate court affirming the decision.  The limitations period then ran for fifty-eight (58) days until Petitioner filed his second Rule 3.850 motion on May 16, 2002.  However, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired; indeed 407 untolled days had elapsed since Petitioner's conviction became final.  As Petitioner's second Rule 3.850 motion was filed after expiration of the federal limitations period, that motion did not toll the limitations period.  *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Therefore, Petitioner's federal habeas petition, filed on September 9, 2003, was obviously untimely.

As Petitioner has asserted no grounds for equitable tolling or the application of any other exception to the time bar, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola this 12th day of April 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**